UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SIMON WILLIAMS, JR.,

          Plaintiff,

   v.

ATTORNEY MICHAEL EVANS, *et al*,

          Defendants.

Case No. C06-5288RBL

ORDER TO SHOW CAUSE

       This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon the Court's review of the complaint. After reviewing the complaint and the balance of the record, the Court finds and orders as follows:

       A complaint is frivolous when it has no arguable basis in law or fact. <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 (9th Cir. 1984)).

       To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a

1  right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor,
2  451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section
3  1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.
4  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

5        Plaintiff also must allege facts showing how individually named defendants caused or personally
6  participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir.
7  1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory
8  responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58
9  (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v.
10 Palches, 665 F.2d 965, 968 (9th Cir. 1982).

11       A defendant has acted under color of state law if he "exercise[s] power 'possessed by virtue of
12 state law and made possible only because the wrongdoer is clothed with the authority of state law.'"
13 Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997) (quoting West v. Atkins, 487 U.S. 42, 49, 108
14 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988) (quoting United States v. Classic, 313 U.S. 299, 326, 61 S.Ct.
15 1031, 1043, 85 L.Ed. 1368 (1941)). In general, private parties do not act under color of state law. Price v.
16 State of Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). A plaintiff may bring a claim against a private party
17 under 42 U.S.C. § 1983, however, "who 'is a willful participant in joint action with the State or its
18 agents.'" Degrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000) (citing Dennis v. Sparks, 449
19 U.S. 24, 27-28 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are
20 acting 'under color' of law for purposes of § 1983 actions.'").

21       To establish such joint action, facts showing defendants "acted 'under color of state law or
22 authority'" must be alleged. Degrassi, 207 F.3d at 647 (citation omitted); United Steelworkers v. Phelps
23 Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (to prove conspiracy between state and private
24 parties under section 1983, plaintiff must show agreement or "meeting of the minds" to violate
25 constitutional rights). Plaintiff names attorney Michael Evans as a defendant, but fails to set forth facts
26 showing defendant Evans was acting under color of state law or authority either as a state official or as a
27 willful participant in joint action with the state or any of its agents.

28       In addition, plaintiff appears to be challenging the fact or duration of his confinement. However, a
writ for *habeus corpus* "is the exclusive remedy for a state prisoner who challenges the fact or duration of

his confinement and seeks immediate or speedier release." Heck v. Humphrey, 512 U.S. 477, 481 (1994); Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997). This is true even though a section 1983 claim is based on "the alleged unconstitutionality of state administrative action." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).

The United States Supreme Court, furthermore, has held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck, 512 U.S. at 486-87. In other words, a claim for damages that relates to a conviction or sentence which "has *not* been so invalidated is not cognizable under § 1983." Heck, 512 U.S. at 487 (emphasis in the original). In addition:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. Plaintiff has not shown, let alone claimed, that his conviction or sentence already has been invalidated by either court or executive order. In addition, as plaintiff specifically has requested that he be released from confinement and that his judgment and sentence be vacated, any judgment in his favor necessarily would imply the invalidity of his sentence. Accordingly, plaintiff's claim may be considered only in a petition for writ of *habeas corpus* and should be dismissed with prejudice as frivolous.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff shall file an amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed by **no later than July 6, 2006**. The amended complaint must carry the same case number as this one. If an amended complaint is not timely filed or if plaintiff fails to adequately address these issues, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992). Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original

ORDER
Page - 3

complaint.

    The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to plaintiff.

    DATED this 6th day of June, 2006.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 4