UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SIMON WILLIAMS, JR.,

        Plaintiff,

v.

ATTORNEY MICHAEL EVANS, *et al*,

        Defendants.

Case No. C06-5288RBL-KLS

SECOND ORDER TO SHOW CAUSE REGARDING DEFICIENT COMPLAINT

      This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon the Court's review of the complaint. After reviewing the complaint and the balance of the record, the Court finds and orders as follows:

      On June 6, 2006, the Court issued an order informing plaintiff of certain deficiencies in his complaint. (Dkt. #9). That order, however, was returned as undeliverable on June 8, 2006. (Dkt. #12). On July 13, 2006, plaintiff filed a notice of change of address with the Court. (Dkt. #13). Accordingly, the Court hereby is issuing this second order to show cause to give plaintiff another opportunity to cure, if possible, the deficiencies in his complaint.

      A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete

1  defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of
2  process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* Franklin
3  v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).

4         To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of
5  was committed by a person acting under color of state law and (ii) the conduct deprived a person of a
6  right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor,
7  451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section
8  1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.
9  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

10         Plaintiff also must allege facts showing how individually named defendants caused or personally
11  participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir.
12  1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory
13  responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58
14  (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v.
15  Palches, 665 F.2d 965, 968 (9th Cir. 1982).

16         A defendant has acted under color of state law if he "exercise[s] power 'possessed by virtue of
17  state law and made possible only because the wrongdoer is clothed with the authority of state law.'"
18  Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997) (quoting West v. Atkins, 487 U.S. 42, 49, 108
19  S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988) (quoting United States v. Classic, 313 U.S. 299, 326, 61 S.Ct.
20  1031, 1043, 85 L.Ed. 1368 (1941)). In general, private parties do not act under color of state law. Price v.
21  State of Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). A plaintiff may bring a claim against a private party
22  under 42 U.S.C. § 1983, however, "who 'is a willful participant in joint action with the State or its
23  agents.'" Degrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000) (citing Dennis v. Sparks, 449
24  U.S. 24, 27-28 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are
25  acting 'under color' of law for purposes of § 1983 actions.'").

26         To establish such joint action, facts showing defendants "acted 'under color of state law or
27  authority'" must be alleged. Degrassi, 207 F.3d at 647 (citation omitted); United Steelworkers v. Phelps
28  Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (to prove conspiracy between state and private
parties under section 1983, plaintiff must show agreement or "meeting of the minds" to violate

ORDER
Page - 2

1  constitutional rights). Plaintiff names attorney Michael Evans as a defendant, but fails to set forth facts
2  showing defendant Evans was acting under color of state law or authority either as a state official or as a
3  willful participant in joint action with the state or any of its agents.

4  In addition, plaintiff appears to be challenging the fact or duration of his confinement. However, a
5  writ for *habeus corpus* "is the exclusive remedy for a state prisoner who challenges the fact or duration of
6  his confinement and seeks immediate or speedier release." Heck v. Humphrey, 512 U.S. 477, 481 (1994);
7  Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997). This is true even though a section 1983 claim is based
8  on "the alleged unconstitutionality of state administrative action." Preiser v. Rodriguez, 411 U.S. 475, 489
9  (1973).

10  The United States Supreme Court, furthermore, has held that:

11  [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment,
    or for other harm caused by actions whose unlawfulness would render a conviction or
12  sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been
    reversed on direct appeal, expunged by executive order, declared invalid by a state
13  tribunal authorized to make such determination, or called into question by a federal
    court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.
14
15  Heck, 512 U.S. at 486-87. In other words, a claim for damages that relates to a conviction or sentence
16  which "has *not* been so invalidated is not cognizable under § 1983." Heck, 512 U.S. at 487 (emphasis in
    the original). In addition:
17
18  [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider
    whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his
19  conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff
    can demonstrate that the conviction or sentence has already been invalidated.

20  Id. Plaintiff has not shown, let alone claimed, that his conviction or sentence already has been invalidated
21  by either court or executive order. In addition, as plaintiff specifically has requested that he be released
22  from confinement and that his judgment and sentence be vacated, any judgment in his favor necessarily
23  would imply the invalidity of his sentence. Accordingly, plaintiff's claim may be considered only in a
24  petition for writ of *habeas corpus* and should be dismissed with prejudice as frivolous.

25  Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff shall file
26  an amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why this
27  matter should not be dismissed by **no later than August 17, 2006**. The amended complaint must carry the
28  same case number as this one. If an amended complaint is not timely filed or if plaintiff fails to adequately
    address these issues, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C.

1 § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

2     Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original
3 pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v.
4 Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915
5 (1992). Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original
6 complaint.

7     The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended
8 complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to
9 plaintiff.

10     DATED this 17th day of July, 2006.

                                                         Karen L. Strombom
                                                         United States Magistrate Judge