UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SIMON WILLIAMS, JR., <br><br> Plaintiff, <br><br> v. <br><br> ATTORNEY MICHAEL EVANS, *et al*, <br><br> Defendants. | Case No.  C06-5288RBL-KLS <br><br> THIRD ORDER TO SHOW CAUSE REGARDING DEFICIENT COMPLAINT |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon the Court's review of plaintiff's amended complaint. (Dkt. #20).  After reviewing the complaint and the balance of the record, the Court finds and orders as follows:

On June 6, 2006, the Court issued an order informing plaintiff of certain deficiencies in his original complaint. (Dkt. #9).  Specifically, the Court found plaintiff had failed to set forth facts showing his attorney, whom he named as a defendant, was acting under color of state law or authority either as a state official or as a willful participant in joint action with the state or any of its agents.  Further, plaintiff appeared to be challenging the fact or duration of his confinement, the proper remedy for which is a writ for *habeas corpus*.  That order was returned as undeliverable on June 8, 2006. (Dkt. #12).

On July 13, 2006, plaintiff filed a notice of change of address with the Court. (Dkt. #13).  Thus, on

1  July 17, 2006, the Court issued a second order to show cause to give plaintiff another opportunity to cure,
2  if possible, the deficiencies in his original complaint.  In response, on August 21, 2006, plaintiff filed his
3  amended complaint.  That complaint, however, remains deficient.
4        A complaint is frivolous when it has no arguable basis in law or fact.  Franklin v. Murphy, 745 F.2d
5  1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a complete
6  defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of
7  process under 28 U.S.C. § 1915(d).  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* Franklin
8  v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).
9        To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of
10 was committed by a person acting under color of state law and (ii) the conduct deprived a person of a
11 right, privilege, or immunity secured by the Constitution or laws of the United States.  Parratt v. Taylor,
12 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).  Section
13 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.
14 Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).
15       A defendant has acted under color of state law if he "exercise[s] power 'possessed by virtue of
16 state law and made possible only because the wrongdoer is clothed with the authority of state law.'"
17 Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997) (quoting West v. Atkins, 487 U.S. 42, 49, 108
18 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988) (quoting United States v. Classic, 313 U.S. 299, 326, 61 S.Ct.
19 1031, 1043, 85 L.Ed. 1368 (1941)).  In general, private parties do not act under color of state law.  Price v.
20 State of Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).  A plaintiff may bring a claim against a private party
21 under 42 U.S.C. § 1983, however, "who 'is a willful participant in joint action with the State or its
22 agents.'"  Degrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000) (citing Dennis v. Sparks, 449
23 U.S. 24, 27-28 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are
24 acting 'under color' of law for purposes of § 1983 actions.'").
25       To establish such joint action, facts showing defendants "acted 'under color of state law or
26 authority'" must be alleged.  Degrassi, 207 F.3d at 647 (citation omitted); United Steelworkers v. Phelps
27 Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (to prove conspiracy between state and private
28 parties under section 1983, plaintiff must show agreement or "meeting of the minds" to violate
   constitutional rights).  In his amended complaint, plaintiff asserts his attorney was acting under color of

state law because he was appointed his attorney by the Cowlitz County Superior Court. However, a public defender does not act under the color of state law when performing the traditional functions of a lawyer as counsel to a criminal defendant. Polk County v. Dodson, 454 U.S. 312, 325 (1981). As the basis for liability, plaintiff states his attorney "checked the wrong commitment box" on his judgment and sentence paperwork. Amended Complaint, p. 3. Such an action though comes well within those activities traditionally considered those of a public defender.

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

Here, however, plaintiff names defendants Dan Price, the Cowlitz County Corrections Center Administrator, and Carol Porter, the Washington Corrections Center ("WCC") Administrator, solely in their supervisory capacities. Plaintiff bases defendant Price's liability on the fact that he was "in charge" of the Cowlitz County Corrections Center. Amended Complaint, p. 3. He also bases defendant Porter's liability merely on the fact that she was "responsible" for WCC "booking employees knowing the proper procedures for booking inmates" into the WCC. Id. However, plaintiff has not set forth any facts showing defendant Porter failed to properly implement any such procedures. Accordingly, he has failed to set forth valid claims against these two defendants as well.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff shall file a second amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed by **no later than September 24, 2006**. Specifically, the second amended complaint should include only those named defendants with respect to whom the Court has not found plaintiff failed to set forth valid claims. The second amended complaint must carry the same case number as this one. If a second amended complaint is not timely filed or if plaintiff fails to adequately address these issues, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original

ORDER
Page - 3

1  pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v.
2  Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915
3  (1992).  Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original
4  complaint.
5     The Clerk is directed to send plaintiff the appropriate forms so that he may file a second amended
6  complaint.  The Clerk is further directed to send a copy of this Order to plaintiff.
7     DATED this 24th day of August, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 4