UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SIMON WILLIAMS, JR., <br><br> Plaintiff, <br><br> v. <br><br> ATTORNEY MICHAEL EVANS, *et al*, <br><br> Defendants. | Case No.  C06-5288RBL-KLS <br><br> REPORT AND RECOMMENDATION <br><br> Noted for January 12, 2007 |

This matter is before the Court on plaintiff's failure to comply with the undersigned's fourth order to show cause regarding his deficient civil rights complaint. (Dkt. #26).  After reviewing the record, the undersigned submits the following report and recommendation, recommending that the Court dismiss this action for failure to comply with the Court's order.

DISCUSSION

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor,

451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

On August 21, 2006, in response to the undersigned's second order to show cause regarding his deficient original complaint (Dkt. #16), plaintiff filed his first amended complaint (Dkt. #20). The undersigned, however, found that amended complaint to be deficient as well, informing plaintiff as to the specific deficiencies in a third order to show cause issued on August 24, 2006. (Dkt. #23). On September 28, 2006, plaintiff filed a second amended complaint (Dkt. #24), which cured the deficiencies noted in the third order to show cause, but still remained deficient for the reasons stated in that order.

The undersigned gave plaintiff yet another chance to cure those deficiencies, directing him to file a third amended complaint by no later than November 17, 2006. Plaintiff was informed though, that this would be the last opportunity the undersigned provided him with to cure these deficiencies, and therefore he was advised to carefully read and abide by the undersigned's findings contained in the fourth order to show cause. To date, however, plaintiff has not responded to that order.

## CONCLUSION

Because plaintiff has failed to respond to the undersigned's fourth order to show cause, and because his complaint remains deficient for the reasons set forth in that order, the Court should dismiss this case with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit

REPORT AND RECOMMENDATION
Page - 2

1  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **January 12,**
2  **2007**, as noted in the caption.
3      DATED this 15th day of December, 2006.

                                        Karen L. Strombom
                                        United States Magistrate Judge